

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2004

# Williams v. Rohm Haas Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2171

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Williams v. Rohm Haas Co" (2004). *2004 Decisions.* Paper 1026.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1026

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2171

AARON WILLIAMS,
Appellant

v.

ROHM AND HAAS COMPANY

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 99-cv-05203)
District Judge: Honorable R. Barclay Surrick

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2004

Before: SLOVITER, RENDELL and ALDISERT, Circuit Judges.

(Filed: February 4, 2004)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Aaron Williams appeals the District Court's entry of summary judgment against him, foreclosing him from proceeding with his Title VII action complaining of discrimination in promotion while in defendant's employ. Williams' complaint alleges

approximately forty instances of defendant's failure to promote him between 1988 and 1997, each of which, Williams urges, resulted from racially discriminatory practices. We will affirm.

We need not detail all of the underlying facts, because we write only for the parties. Our standard of review is plenary, and we have jurisdiction pursuant to 28 U.S.C. § 1291. As this appeal involves review of an order granting summary judgment, our role is to determine whether there were genuine issues for trial, and whether, viewing the facts in the light most favorable to the plaintiff, defendant was entitled to judgment as a matter of law. Morton Intern., Inc. v. A.E. Staley Mfg. Co., 343 F.3d 669, 680 (3d Cir. 2003).

The District Court determined that only ten of plaintiff's claims were actionable because the other earlier claims were time-barred and could not be saved by virtue of a "continuing violation" theory, based upon the Supreme Court's opinion in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002). There, the Supreme Court held that certain discrete acts of discrimination were not susceptible of analysis under a continuing violation theory, and that the failure to promote claim, which was in itself an incident of discrimination, constituted a separate actionable unlawful employment practice. Id. at 114. As the Supreme Court noted, "Each discrete discriminatory act starts a new clock for filing charges alleging that act." Id. Accordingly, we will not disturb the District Court's ruling barring the claims arising from failures to promote that occurred before September 1, 1996. We therefore turn our attention to the District Court's analysis

2

of the ten remaining claims.[1]

The District Court properly addressed Williams' claims under Title VII, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA") together, because the same legal standard applies to all of these claims. Essentially, that standard is the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Under that framework, the plaintiff must establish a *prima facie* case of discrimination by showing that he or she was: "(1) a member of the protected class, (2) qualified for the position [he or] she sought; and (3) nonmembers of the protected class were treated more favorably." Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 318-19 (3d Cir. 2000).

If a *prima facie* case is established, however, a presumption of discriminatory intent arises and the burden of production shifts to the defendant to proffer a legitimate, non-discriminatory reason for its action. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 113 S.Ct. 2742 (1993)).

Once the defendant explains its action with a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff, who must prove by a preponderance of the

_____

The District Court also held that Williams could not rely on equitable tolling, as there had been no claim by plaintiff that he was actively misled in any way. To the contrary, plaintiff indicated that he was aware of the racial discrimination and discussed it with family and friends as early as 1988.

3

evidence that the defendant's proffered non-discriminatory reason is pretextual.  Id.   To satisfy this burden, the plaintiff must "point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Id. at 764.

Notwithstanding the burden-shifting formulation, the ultimate burden of persuasion that defendant intentionally discriminated against the plaintiff does remain at all times with the plaintiff.  Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).

At the outset, the District Court dismissed four of the claims based upon Williams' failure to prove a *prima facie* case.  Two of these claims involved incidents where plaintiff did not apply for the job in question, and two others were based upon failure to promote to jobs for which plaintiff was not eligible.   We find the District Court's reasoning regarding these four claims to be persuasive and we will not disturb its conclusions.

With respect to the remaining claims, the District Court engaged in an extensive and comprehensive review of the allegations and the evidence offered by plaintiff as well as the explanations proffered by defendant for selecting persons other than Williams for the jobs in question.  At bottom, the District Court concluded that, with respect to each, defendant had proffered a legitimate non-discriminatory reason for choosing someone

4

other than Williams for the job in question.  Further, Williams' proof of "pretext" consisted of an attack on the selection process employed by defendant as being overly subjective and therefore pretextual.  Williams urged that the process itself permitted personal bias to enter into the decision making, and that the procedures that were to be followed were often ignored.   The District Court rejected this argument, noting that the use of subjective criteria alone does not establish pretext, and that plaintiff must identify "some other evidence" from which a reasonable juror could consider the subjective criteria to be a mask for discrimination.

While it is true that in certain instances evidence of pretext that undermines the legitimacy of the defendant's proffered reason or demonstrates its falsity can be sufficient proof of improper discrimination, see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000), we agree with the District Court that this is not one of them.  The failures noted by Williams appear race-neutral and do not, in and of themselves, give rise to an inference of racially discriminatory animus.

Specifically lacking in the record is any evidence, either regarding the selection process itself or in connection with the promotion of Williams or others, that would tend to show that Williams was overlooked because of his race.  Further, the defendant identified several African-American employees who had been promoted during that time when Williams was not.  While this is not necessarily proof of an absence of discrimination, nonetheless it led the District Court to draw the permissible inference that

5

"the problems that the hiring managers had with plaintiff were more probably than not due to plaintiff himself and not to his race." Accordingly, the District Court concluded that "Plaintiff has not provided the Court with evidence . . . from which a reasonable juror could infer that racial discrimination shaped these hiring decisions."

The District Court's opinion was well reasoned and thorough. We cannot fault its findings, nor can we take issue with its conclusion that Williams failed to prove that defendant's selection process was a pretext for intentional discrimination on account of race. While it is true that a subjective process could be susceptible to abuse, no abuse was shown here that could lead a jury to conclude that Williams was discriminated against, based upon his race, in the promotions he sought. Accordingly, we will affirm the District Court's grant of summary judgment.

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge